IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD J. O'KINSKY                    :                    CIVIL ACTION

            v.                        :

WILLIAM A. PERRONE, et al.            :                    NO.  10-6075

**MEMORANDUM ORDER**

AND NOW, this 10th day of October, 2012, after a telephone conference call this date, the court hereby **ORDERS** that, except as noted herein, counsel for plaintiff may assert the attorney-client privilege during plaintiff's deposition in response to questions asking to reveal the content of communications plaintiff had with his former attorney, Ivan J. Kaplan, Esquire of Becker Meisel, LLC.

The "attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice."  Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. 2011) (footnote omitted).  There is no dispute that the attorney-client privilege applies here.  Mr. Kaplan was acting as legal counsel to plaintiff Edward J. O'Kinsky when the communications were made, the communications relate to a fact of which Mr. Kaplan was informed by Mr. O'Kinsky, the communications were made without the presence of strangers for the purpose of securing primarily either an opinion of law or legal services, and not for the purpose of committing a crime or tort.  See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994) (describing the elements of the attorney-client privilege under federal

common law).  The dispute between the parties concerns whether plaintiff waived the privilege

either (1) by filing this legal malpractice action, or (2) by partially disclosing the advice from Mr.

Kaplan in an e-mail sent by plaintiff to two of the defendants.

       1.    **<u>Malpractice Action</u>**

      The court finds that plaintiff did not waive the attorney-client privilege by filing

this action.  It is true that the privilege may be waived when the client sues his attorney for

malpractice.  <u>See</u> <u>Allstate Ins. Co. v. LaBrum and Doak</u>, 1989 WL 38666, at *2 (E.D. Pa. 1989)

("Generally, a client waives the attorney-client privilege by filing a legal malpractice claim.").

Here, however, plaintiff has not filed a claim against attorney Kaplan, but against defendant

attorneys and parties, unaffiliated with Mr. Kaplan.  Plaintiff's communications to Mr. Kaplan

regarding the transaction which is the subject of this legal malpractice action against defendants

may be relevant to the claims in the Amended Complaint, such as showing plaintiff's knowledge

or state of mind.  However, relevance alone does not constitute a waiver of the attorney-client

privilege.  "Relevance is not the standard for determining whether or not evidence should be

protected from disclosure as privileged, and that remains the case even if one might conclude the

facts to be disclosed are vital, highly probative, directly relevant or even go to the heart an issue."

<u>Rhone-Poulenc Rorer</u>, 32 F.3d at 864.

       2.    **<u>Disclosure in E-mail</u>**

      Prior to the litigation, and during the course of the business transaction that

plaintiff had with defendants William Luby and Alasdair Richie, plaintiff sent an e-mail to Luby

and Richie on April 10, 2010, in which he revealed Mr. Kaplan's opinion to him that the

business deal proposed by Luby and Richie was a "bad deal for me."  (Attached as Exhibit to

David Jacquette's Letter dated Oct. 9, 2012.)  There is no dispute that plaintiff has waived the attorney-client privilege as to the contents of this e-mail.  Defendants may introduce this e-mail at trial, and question plaintiff as to its authenticity.  Defendants, however, request that the court impose a full waiver as to <u>all</u> communications between plaintiff and Mr. Kaplan.  The court refuses to do this for the following reasons.

It is true that courts have found an implied waiver of all confidential attorney-client communications when the party asserting the privilege uses the privilege both as a sword and a shield by selectively disclosing communications to gain an advantage in litigation.  <u>See</u> <u>In re Chevron Corp.</u>, 633 F.3d 153 (3d Cir. 2011) (Plaintiffs waived attorney-client privilege by disclosing privileged communications to a court-appointed expert to gain advantage in the litigation.).  This "fairness doctrine" has been applied by the courts in order "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information."  <u>In re von Bulow</u>, 828 F.2d 94, 101 (2d Cir. 1987).  <u>See also</u> <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1426 n. 12 (3d Cir. 1991) ("When a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary.").

However, this court finds that the "fairness doctrine" does not justify the disclosure of <u>all</u> confidential communications between Mr. Kaplan and plaintiff, whether on the same subject matter as the e-mail, or on a different subject matter.  The e-mail of April 10, 2010, in which plaintiff disclosed the privileged communication, occurred months before the start of this litigation.  This is not the situation where in the course of a judicial proceeding, the plaintiff

3

deliberately injected in the case the advice he received from his attorney.  Instead, it was the

defendants who disclosed the e-mail to plaintiff in the course of discovery.  Indeed, all parties

agree that the e-mail hurts plaintiff's case, rather than helps it, since the e-mail demonstrates

plaintiff knew the business deal was not advantageous to him, yet he proceeded with it.  Thus,

because this is a case of an extrajudicial disclosure of an attorney-client communication that

plaintiff is not affirmatively using in this litigation to his adversaries' prejudice, plaintiff does not

waive the privilege as to all of the other undisclosed communications between himself and Mr.

Kaplan.  See Rhone-Poulenc Rorer, 32 F.3d at 863-64 (court found no waiver of confidential

communications because the advice of counsel was not placed in issue by the client); In re von

Bulow, 828 F.2d at 103 (court refused to impose full waiver as to all communications on the

same subject matter where the client had merely disclosed the communication to a third party as

opposed to making some use of it in the litigation).  See also In re Chevron Corp., 650 F.3d 276,

287-88 (3d Cir. 2011) (quoting In re von Bulow, 828 F.2d at 102-03).


                              BY THE COURT:


                              ___/s/ Thomas  J. Rueter_____
                              THOMAS J. RUETER
                              United States Magistrate Judge


4